IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAMAN EL-BEY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| v. | : | 2:09-cv-3189 |
| HONORABLE GARY DEVITO, | : | |
|     Defendant. | : | |

**GOLDBERG, J.**      March 17, 2010

## MEMORANDUM OPINION

This case involves a Section 1983 action filed against Philadelphia Court of Common Pleas Judge Gary F. Di Vito.[1] Plaintiff seeks relief from Judge Di Vito's order in a landlord-tenant dispute.

## I. BACKGROUND

Plaintiff, proceeding pro se, filed his Complaint on July 17, 2009. Defendant filed the instant Motion to Dismiss on August 5, 2009. Plaintiff has not filed a response in opposition to Defendant's Motion.

Plaintiff's claims arise out of a Pennsylvania state court proceeding in the Philadelphia Court of Common Pleas before Judge Di Vito. In the underlying case, Plaintiff was sued by a tenant of a property he owned. On February 23, 2007, counsel for the tenant appeared at a hearing before Judge Di Vito and obtained a judgment of approximately $358,000.00 against Plaintiff. Plaintiff's claims before this Court stem from allegations that he was never notified of the hearing, there was no

---

[1] The Complaint refers to "Judge Devito"; however, the correct spelling is Judge Di Vito, which will be used for this Memorandum Opinion. (Def.'s Motion, p. 1, n. 2.)

1

evidence presented at the hearing, and that his counterclaim was not adjudicated. Plaintiff requests that this Court declare the state judgment "null, void, and of no effect." (Complaint, ¶¶ 1-10.)

## II. ANALYSIS

### A. Federal District Court Review of a State Court Judgment

Federal district courts lack subject matter jurisdiction to review challenges that are the functional equivalent of an appeal of a state court judgment. Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004); see also, District of Columbia Court of Apeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Supreme Court has held that Rooker-Feldman applies where "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invite[] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under the Rooker-Feldman doctrine, a federal district court has no authority to review judgments of a state court where the losing party is complaining of injury from that judgment. Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). The Rooker-Feldman doctrine encompasses claims actually raised in state court and claims not raised but that are inextricably intertwined with the state court judgment. See Twenty-Eight Thousand Four Hundred Dollars v. Pennsylvania, 274 Fed.Appx. 122, 123 (3d Cir. 2008).

Here, Plaintiff has requested that we declare a state court judgment "null, void, and of no effect," which is precisely what the precedent outlined above mandates that we cannot do. See White v. Supreme Court of N.J., 319 Fed.Appx. 171, 173 (3d Cir. 2009) (Rooker-Feldman bars a request to nullify a state court ruling). The Pennsylvania appellate courts were the proper forum in

2

which to address Plaintiff's claims.[2]  In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005).  Therefore, under the Rooker-Feldman doctrine, we have no jurisdiction to hear Plaintiff's case.

B.  Judicial Immunity

Absent a state's consent, all states and state entities, including Judge Di Vito as a Judge in the Philadelphia Court of Common Pleas, are entitled to immunity under the Eleventh Amendment.  See Lombardo v. Pa., Dep't of Public Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008).  The Eleventh Amendment deprives a federal court of subject matter jurisdiction over states and state entities where there is no consent.  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir. 1996).  Pennsylvania has not waived its sovereign immunity, and there are no applicable exceptions to the Eleventh Amendment at issue here.  42 PA. CONN. STAT. ANN. § 8521(b); Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 324 (3d Cir. 2002) (exception to Eleventh Amendment immunity when there is an on going violation of a federal right).

A suit against a state official in his official capacity is the same as a suit against the state, thus entitling those officials to the state's immunity.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," and "court" includes "any one or more of the judges of the court. . . ."  42 PA. CONN. STAT. ANN. § 102.  Pennsylvania courts of common pleas are part of the Unified Judicial System.  See 42 PA. CONN. STAT. ANN. § 301(4); Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000).  Thus, Judge Di Vito as a Judge of the Philadelphia Court of Common Pleas, which is part of the Unified Judicial System, is entitled to immunity in his official capacity.  See

---

[2]  Plaintiff filed an appeal which was quashed due to his failure to follow procedural rules.  (Complaint, ¶ 8.)  Rooker-Feldman applies to lower state court decisions as well as appellate decisions, so it is immaterial that Plaintiff's state court appeal was quashed.  See Port Auth. Police Benevolent Ass'n v. Port Auth.of N.Y. and N.J., 973 F.2d 169, 178 (3d Cir. 1992).

3

Benn v. First Judicial Dist., 426 F.3d 233, 239-40 (3d Cir. 2005). Therefore, Plaintiff's allegations against Judge Di Vito must fail.

    C.    Section 1983

Similarly, to survive a motion to dismiss on a Section 1983 civil rights act claim, the plaintiff must allege that a "person" committed a violation. A defendant sued in a Section 1983 action in his official capacity is not a "person" within the meaning of Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63 (1989).

Here, Plaintiff has alleged that Judge Di Vito violated his civil rights in conducting the state court hearing. (Complaint, ¶¶ 5-6.) Judge Di Vito was acting in his official capacity as a Judge in the Philadelphia Court of Common Pleas during that hearing, so he is not a "person" within the meaning of Section 1983. Therefore, Plaintiff's claims must fail.

**III.    CONCLUSION**

For the foregoing reasons, this Court lacks jurisdiction over Plaintiff's claims and Judge Di Vito has judicial immunity. Accordingly, this Court need not otherwise address the merits of Plaintiff's claims. Our Order follows.